UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRY DOUGLAS, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>B. I. INCORPORATED, *et al.*, )<br>)<br>      Defendants ) | CAUSE NO. 3:05-CV-470 RM |

OPINION AND ORDER

Terry Douglas submitted a complaint under 42 U.S.C. § 1983, and seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss an *in forma pauperis* suit at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1989). *See also* Flick v. Blevins, 887 F.2d 778, 780 (7th Cir. 1989). A claim based on an "indisputably meritless legal theory" is frivolous. Denton v. Hernandez, 504 U.S. at 32; Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is also frivolous when no reasonable person could suppose it to have any merit. Lee v. Clinton, 209 F.3d. 1025 (7th Cir. 2000).

Mr. Rider brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured

by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 536 (1981). If the defendant didn't act "under color of state law," the action against him must be dismissed. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" means "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." Monroe v. Pape, 365 U.S. 167, 184 (1961) (citations omitted). The defendants in this case are a private company and several of its employees, and nothing in the complaint suggests that they "acted under color of State law."

Even if the defendants acted under color of state law, it appears that the events Mr. Douglas complains of occurred five years ago. In his complaint he says he filed a complaint in 2000 dealing with the same facts he presents in this case, and he states that his current complaint deals with an "injury that happen[ed] 5 years ago." (Complaint at p. 9).

Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. Bell v. City of Milwaukee, 746 F.2d 1205, 1229 (7th Cir. 1984); Johnson v. City of Fort Lauderdale, 903 F. Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. Wilson v. Garcia, 471

U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." Doe v. Howe Military School, 227 F.3d 981, 987 (7th Cir. 2001); *see also* Snoderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001) (2-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

For the foregoing reasons, the court DENIES the plaintiff's motion to proceed *in forma pauperis* (docket #2), and DISMISSES this complaint pursuant to 28 U.S.C. § 1915e(2)(B)(ii).

SO ORDERED.

ENTERED: August 10, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court